**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| DEBORAH DUBOSE ROBERSON, |
| *Plaintiff*, |
| v. |
| CATHOLIC UNIVERSITY OF AMERICA, *et al.*, |
| *Defendants*. |

Civil Action No. 25 - 1568 (SLS)

Judge Sparkle L. Sooknanan

**MEMORANDUM OPINION**

The Plaintiff in this action sued Catholic University of America and various federal entities alleging that the University "misplaced," "computerized wrongfully," and "incorrectly archived" her undergraduate and graduate transcripts. She asks the Court to compel the University to "reinstate" her transcripts "correctly" and to ensure that her University record reflects that any fees that she owes have been paid. The Defendants move to dismiss the Plaintiff's lawsuit under Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). The Court agrees that it lacks subject-matter jurisdiction and must dismiss this lawsuit on that basis.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because the Plaintiff is proceeding pro se, the Court considers her Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

The Plaintiff's filings are difficult to decipher. She refers to herself by more than four different names—including Deborah Dubose, Carolyn Roberson, Aamir Aamir, and the

"nickname" "Little-One of USSA Capital of Kansas, Missouri." ECF No. 1 at 1; ECF No. 7 at 1.[1]

And she alleges that she holds the following titles: "USDA Diplomatic Security Personnel Staff,"

ECF No. 1 at 1; "Veteran Official of United States Soviet America of the Manassas Marine Corps

of Maryland," *id.* at 3; "(indefinite) Federal Grand Juror of the United States Bureau and Engraving

of the universal world of the abundance world of love," ECF No. 2 at 2; and "Universal life

personnel person as a CPA personnel person of tallies personnel person of governs personnel

person of the United States Congressional Quarterly of Senate of Congress of the Congressional

Quarterly of Congress personnel staff matter of manner," *id.*

It appears that the Plaintiff is a former student of Catholic University of America. ECF

No. 1; CUA Mem. Supp. Mot. 2, ECF No. 5-1; CUA Mot., Ex. B, ECF No. 5-3. She alleges that

she earned her bachelor's and master's degrees from the University after attending undergraduate

classes from summer 2010 to fall 2024 and graduate classes from fall 2018 to summer 2019. ECF

No. 1 at 4–5. She also alleges that she took classes toward a PhD during an unspecified period that

ended in 2024. ECF No. 2-2 at 3. She submitted what she claims are copies of her undergraduate

and graduate transcripts, which detail a sterling academic record comprised entirely of A+ grades.

ECF No. 1 at 4–6; ECF No. 2-2; ECF No. 3 at 11–14; ECF No. 7-1; ECF No. 14-1. She alleges

that the University's official records do not correctly reflect her performance because her

transcripts were "misplaced" when the University upgraded to a "new computerized grading

system" and a new "billing system." ECF No. 1 at 3.

In May 2025, the Plaintiff sued Catholic University and several federal entities. She seeks

an order requiring the University to reinstate her "official transcripts . . . correctly" and to

"finaliz[e]" her "bill of payment correctly" to reflect that it was "paid off in full by The United

---

[1] Many of the Plaintiff's filings have non-standard titles. For clarity, the Court cites the document and page numbers assigned to those filings by the Court's Electronic Case Filing (ECF) system.

State [sic] Soviet American White House, Missile Division of the Federal Bureau of Investigation of Almanac Missile Division leadership foundation contract program." ECF No. 1 at 3. In explaining her need for this relief, Ms. Dubose notes that she is "now finally finalizing (all) of [her] Colony three education life journey requirements." *Id.* The Defendants have moved to dismiss. CUA Mot., ECF No. 5; Fed. Defs.' Mot., ECF No. 11. Those motions are ripe for review.[2]

## LEGAL STANDARD

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject-matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up). When evaluating such a motion, "[a] Court must accept all the non-movant's factual allegations as true . . . but such allegations will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a Rule 12(b)(6) motion for failure to state a claim." *Khalid v. Garland*, No. 21-cv-2307, 2024 WL 1299339, at *2 (D.D.C. Mar. 27, 2024) (cleaned up). A plaintiff "bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction over her claims." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 69 (D.D.C. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). If the Court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The two most common types of federal subject-matter jurisdiction

---

[2] In response to the University's Motion to Dismiss, the Plaintiff filed a document titled "Closing Arguments to the Defendant," ECF No. 7. After the Federal Defendants filed their own Motion to Dismiss, the Court issued a "*Fox Neal* Order" notifying the Plaintiff of her obligation to respond to the Federal Defendants' motion. *See* ECF No. 12. Soon after, Ms. Dubose filed a Motion to "Vacate Dismissal Order of Last Order." ECF No. 14. The Court construes the Plaintiff's filings as oppositions to the Defendants' respective dismissal motions.

are federal-question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, *see id.* § 1332." *NRA v. The NRA Found.*, No. 26-cv-15, 2026 WL 1815797, at *5 (D.D.C. June 24, 2026) (cleaned up). Federal-question jurisdiction exists over cases that involve a "federal question," including claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists in cases that involve parties of diverse citizenship (*i.e.*, citizens of different states) and an amount in controversy of more than $75,000. *Id.* § 1332(a). This case involves neither.

First, the Plaintiff has failed to identify a "federal question" presented by her lawsuit. 28 U.S.C. § 1331. The core relief that she seeks is the correction of her transcripts. But she identifies no federal basis her claim. *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 933 F.3d 751, 759 (D.C. Cir. 2019) ("[A] plaintiff's claim must invoke a proper basis for federal court jurisdiction within a well-pleaded complaint"). Nor can the court "independently discern any basis for federal question jurisdiction" from the facts alleged in her filings. *Wayne v. Two Male Suspects*, No. 25-cv-2412, 2025 WL 3208097, at *1 (D.D.C. Nov. 13, 2025) (citing *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.")).

To the extent that the Plaintiff seeks to assert jurisdiction on the basis that she is a federal government official, that assertion does not hold up. While the Plaintiff checked the box on her civil cover sheet indicating that the government is a plaintiff, ECF No. 1-1, her allegations about the government positions that she holds do not survive the "closer scrutiny" required by Rule 12(b)(1). *Khalid*, 2024 WL 1299339, at *2 (cleaned up).[3] In short, the positions and titles identified

---

[3] The Court notes that a "civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam).

by the Plaintiff appear to be "essentially fictitious" and therefore cannot provide a basis for jurisdiction. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).").

Second, the Plaintiff's filings do not suggest that the Parties to this suit are diverse or that the amount in controversy exceeds $75,000. The Plaintiff appears to reside in the District of Columbia. ECF No. 1 at 2. The same is true of Catholic University, ECF No. 2 at 1, and the Federal Defendants. And there is no indication in the Plaintiff's filings that any claim she might have involves an amount in controversy of more than $75,000.

Because the Plaintiff has failed to establish that this Court has subject-matter jurisdiction over her claims, her Complaint must be dismissed in its entirety.[4]

## CONCLUSION

For all these reasons, the Court grants the Defendants' Motions to Dismiss, ECF Nos. 5, 11, under Federal Rule of Civil Procedure 12(b)(1).

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date:   July 23, 2026

---

[4] Because the Court concludes that it lacks subject-matter jurisdiction, it need not reach the Defendants' other arguments in favor of dismissal. *See, e.g.*, *Ali v. Al-Nahyan*, 808 F. Supp. 3d 88, 101 (D.D.C. 2025) (declining to reach arguments under 12(b)(6)); *Int'l Merch. Inv., Ltd. v. World Mercy Fund, Inc.*, No. 91-cv-1785, 1991 WL 222273, at *1 n.1 (D.D.C. Oct. 17, 1991) (declining to consider dismissal arguments based on "improper service of process").